1 | PAUL L. REIN, Esq. (SBN 43053)
2 | CELIA MCGUINNESS, Esq. (SBN 159420)
  | CATHERINE CABALO (SBN 248198)
3 | LAW OFFICES OF PAUL L. REIN
  | 200 Lakeside Drive, Suite A
4 | Oakland, CA  94612
  | Telephone:  510/832-5001
5 | Facsimile:   510/832-4787

6 | Attorneys for Plaintiff
  | GUY JONES

7 | SHANE SINGH, Esq. (SBN 202733)
8 | LEWIS BRISBOIS BISGAARD & SMITH LLP
  | 2850 Gateway Oaks Drive, Suite 450
9 | Sacramento, California 95833
  | P.O. Box 13530
10 | Sacramento, California 95853
  | Telephone:  916/564-5400
11 | Facsimile:   916/564-5444

12 | Attorney for Defendants
  | BRADSHAW BAR GROUP, INC.,
13 | BRUCE D. FITE, and ESTATE OF CHARLES FITE

14 | 
15 |                    UNITED STATES DISTRICT COURT
  |                    EASTERN DISTRICT OF CALIFORNIA

16 | GUY JONES                              CASE NO.   2:14-cv-01841-JAM-AC

17 |         Plaintiff,
  |                                         **CONSENT DECREE AND ORDER**
18 | v.                                      **AS TO INJUNCTIVE RELIEF AND**
  |                                         **DAMAGES ONLY**
19 | BRADSHAW BAR GROUP, INC. dba
  | THE RINK; BRUCE D. FITE;
20 | CHARLES FITE; and DOES 1-10,            Action Filed: August 5, 2014
  | Inclusive,
21 | 
  |         Defendants.
22 | 
23 | 
24 |         1.      Plaintiff GUY JONES ("Plaintiff") filed a Complaint in this action on
25 | August 5, 2014, to obtain recovery of damages for his discriminatory experiences,
26 | denial of access, and denial of his civil rights, and to enforce provisions of the
27 | Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and
28 | California civil rights laws against defendants BRADSHAW BAR GROUP, INC. dba

THE RINK; BRUCE D. FITE; ESTATE OF CHARLES FITE (defendants sometimes referred to together as "Defendants"), relating to the condition of Defendants' public accommodations as of February 22, 2014, and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA; sections 51, 52, 54, 54.1, and 54.3 of the California Civil Code; sections 19955 *et seq.* of the California Health & Safety Code; and sections 17200 *et seq.* of the California Business and Professions Code by failing to provide full and equal access to their facilities at 2900 Bradshaw Road, Sacramento, California.

2.      Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving injunctive relief issues in this lawsuit without the need for protracted litigation.  Issues of damages and attorneys' fees, costs, and expenses will be the subject of further negotiations and litigation if necessary.

**JURISDICTION:**

3.      The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; California Business and Professions Code sections 17200 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, and 54.3**.**

4.      In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all injunctive relief claims raised in the Complaint filed with this Court.  Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.      This Order shall be a full, complete, and final disposition and settlement of Plaintiff's injunctive relief claims against Defendants that have arisen out of the subject Complaint.

6.      The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

a)      **Remedial Measures:** The corrective work agreed upon by the Parties is set forth in **Attachment A** (the report of Gary Waters, RA, CASp, NCARB of Waters MacRae Architects, for November 19, 2014 inspection date), which is attached and incorporated herewith.  Additionally, Defendants will install an accessible porta-potty and hand wash station in the back, open-air roller rink area while the restrooms at the subject property are remediated.

b)      **Timing of Injunctive Relief**:  Defendants will submit plans for all corrective work requiring permits to the appropriate governmental agencies within 15 days of the entry of this Consent Decree by the Court.  Defendants will commence work within 20 days of receiving approval from the appropriate agencies. Defendants will install the agreed table seating within three (3) months of entry of this Consent Decree by the Court.  Defendants will complete work related to the "Site Arrival Point" and "Entry Doors and Signage" within six (6) months of entry of this Consent Decree by the Court.  Defendants will complete the restrooms within 18 months of the entry of this Consent Decree by the Court.  The remaining work identified in Attachment A will be completed within one year of entry of this Consent

1   Decree by the Court.  In the event that unforeseen difficulties prevent Defendants

2   from completing any of the agreed-upon injunctive relief, Defendants or their counsel

3   will notify Plaintiff's counsel in writing within 5 days of discovering the delay.

4   Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve

5   the delay by stipulation or otherwise respond to Defendants' notice.  If the Parties

6   cannot reach agreement regarding the delay within an additional fifteen days, Plaintiff

7   may seek enforcement by the Court.  Defendants or their counsel will notify

8   Plaintiff's counsel when the corrective work is completed, and in any case will

9   provide a status report to Plaintiff's counsel no later than 90 days from the Parties'

10   signing of this Consent Decree and Order.

11          c)      Defendants will notify Plaintiff in writing at the end of 90 days

12   from the Parties' signing of this Consent Decree and Order as to the current status of

13   agreed-to injunctive relief, and every 90 days thereafter until all access is provided.

14   If Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail

15   to provide timely written status notification, and Plaintiff file a motion with the Court

16   to obtain compliance with these terms, Plaintiff reserves the right to seek additional

17   attorneys' fees for any compliance work necessitated by Defendants' failure to keep

18   this agreement.  If the Parties disagree, such fees shall be set by the Court.

19

20   **DAMAGES:**

21          7.      Defendants shall pay to Plaintiff the amount of $12,000 as full and final

22   resolution of Plaintiff's claims for damages.  Defendants shall make payment of the

23   first $6,000 within 30 days of entry of this Consent Decree and Order.  Defendants

24   shall make payment of the remaining $6,000 within three (3) months of entry of this

25   Consent Decree and Order.  Payments described in this paragraph shall be made by

26   check payable to "PAUL L. REIN IN TRUST FOR GUY JONES."  Payment shall be

27   received at the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland,

28   CA 94612.  A W-9 from Plaintiff's attorneys' office shall be provided to Defendants

for the payments described in this paragraph.  Plaintiff specifically reserves his right to seek additional attorney fees and costs related to delayed payment by Defendants.

**ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

8.    Parties have not reached any agreement regarding Plaintiff's claims for attorneys' fees, litigation expenses, and costs.  These matters will be the subject of future negotiation or litigation as necessary.  <u>The Parties jointly stipulate and request that the Court not dismiss the case in its entirety as these issues remain unresolved</u>.

**ENTIRE CONSENT DECREE AND ORDER:**

9.    This Consent Decree and Order and **Attachment A** constitute the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

10.    This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest.  Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

11.    Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some

further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed.  Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order.  Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs.

12.    Except for all obligations required in this Consent Decree and Order -- and exclusive of the referenced continuing claims for damages, attorneys' fees, litigation expenses, and costs – each of the Parties to this Consent Decree and Order on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs,

predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

13.     This Consent Decree and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order -- for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

14.     If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

15.     Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

Dated: _____, 2015          PLAINTIFF GUY JONES

_____

GUY JONES

Dated: _____, 2015          DEFENDANT BRADSHAW BAR GROUP, INC. dba THE RINK

By: _____

Print name:_____

Title: _____

Dated: _____, 2015          DEFENDANT BRUCE D. FITE

_____

BRUCE D. FITE

Dated: _____, 2015          DEFENDANT ESTATE OF CHARLES FITE

By: _____

Print name:_____

Title: _____

APPROVED AS TO FORM:

Dated: March 6, 2015                    LAW OFFICES OF PAUL L. REIN


                                        _____/s/ Catherine Cabalo_____
                                        By:  CATHERINE CABALO, ESQ.
                                        Attorneys for Plaintiff
                                        GUY JONES



Dated: March 6, 2015                    LEWIS BRISBOIS BISGAARD & SMITH


                                        _____/s/ Shane Singh_____
                                        By:  SHANE SINGH.
                                        Attorneys for Defendants BRADSHAW BAR
                                        GROUP, INC., BRUCE D. FITE, and
                                        ESTATE OF CHARLES FITE

1

**ORDER**

2

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

3

4

5

6

Dated: 3/9/2015                              /s/ John A. Mendez_____

7                                                        Honorable John A. Mendez
United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28