UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUY JONES,<br><br>        Plaintiff,<br><br>   v.<br><br>BRADSHAW BAR GROUP, INC. dba THE RINK; BRUCE D. FITE; CHARLES FITE; and DOES 1-10, inclusive,<br><br>        Defendants. | No. 2:14-cv-1841-JAM-AC<br><br>**ORDER DENYING FEES AND COSTS** |

Plaintiff Guy Jones ("Plaintiff") sued Defendants Bradshaw Bar Group, Inc., Bruce D. Fite, and Charles Fite (collectively, "Defendants") for architectural barriers at their entertainment center and skating rink ("The Rink") in violation of the Americans with Disabilities Act ("ADA") and California law. The parties settled the case as described in a consent decree finalized in March 2015. Plaintiff now moves for fees and costs.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 4, 2015.

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is disabled and uses a wheelchair for mobility. Cabalo Decl. ¶ 2. He visited The Rink in February 2014 with his girlfriend to accompany her granddaughters to a skating lesson. Rein Decl. Exh. 11 ¶¶ 12-13. He encountered barriers there in the parking lot, at the entrance, and inside the facility. See generally Cabalo Decl. Exh. 1. He then returned multiple times over the next few months to accompany the girls to further lessons. Rein Decl. ¶ 5.

Plaintiff sued Defendants in August 2014 (Doc. #1). In February 2015, the parties engaged in a successful settlement conference. Cabalo Decl. ¶ 8. The resulting consent decree required Defendants to repair all barriers identified by Plaintiff's expert and to pay Plaintiff $12,000 in damages. See Consent Decree and Proposed Order (Doc. #20) ¶¶ 6-7. The Court adopted the consent decree on March 10, 2015 (Doc. #21).

Plaintiff filed this motion for attorneys' fees and costs on September 23, 2015 (Doc. #22). Defendants oppose the motion (Doc. #27). Five days after Plaintiff filed his reply (Doc. #30), Defendants filed an "Objection to Plaintiff's Reply" (Doc. #34) and Plaintiff responded one day later with a "Response to Defendants' Objections" (Doc. #35). Because this Court did not authorize the filing of sur-replies in this case, the two documents filed after the reply are hereby stricken and the Court has not considered them.

///

///

///

II.   OPINION

A.   Timeliness of Fee Motion

Defendants contend that the fee motion should be denied as untimely.  Opp. at 2 (citing E.D. Cal. L.R. 293(a)).  The Local Rules provide that "[m]otions for awards of attorneys' fees to prevailing parties pursuant to statute shall be filed not later than twenty-eight (28) days after entry of final judgment."  E.D. Cal. L.R. 293(a).  There is no dispute that Plaintiff filed this motion more than 28 days after the Court issued the Consent Decree and Order on March 10, 2015.  Plaintiff in fact filed the motion more than six months after that Order.  Nonetheless, Plaintiff argues that the motion was timely, because a consent decree is not a final judgment and the parties' agreement in the consent decree permitted filing of this motion.  Reply at 8.

The Court agrees with Defendants that a consent decree is a final judgment.  Rufo v. Inmates of Suffolk Cty. Jail, 502 U.S. 367, 391 (1992) ("[A] consent decree is a final judgment . . . ."); Knox v. Chiang, 2014 WL 1513892, at *3 (E.D. Cal. Apr. 16, 2014) (explaining that a judgment is "a decree and any order from which an appeal lies") (citing Fed. R. Civ. P. 54(a)).  The Court also finds no evidence that the parties stipulated to a late filing of this motion in the consent decree.  The Court interprets such an agreement "according to the objective intent of the parties."  Gallagher v. San Diego Unified Port Dist., 2009 WL 2781553, at *11 (S.D. Cal. Aug. 31, 2009) (citing Botefur v. City of Eagle Point, Or., 7 F.3d 152 (9th Cir. 1993)).  The consent decree here covered "injunctive relief and damages only" and further stated that the "Parties have not reached any

3

agreement regarding Plaintiff's claims for attorneys' fees, litigation expenses, and costs.  These matters will be the subject of future negotiation or litigation as necessary.  <u>The Parties jointly stipulate and request that the Court not dismiss the case in its entirety as these issues remain unresolved</u>."  Consent Decree and Order ¶ 8 (emphasis in original).  These statements evidence an intent that the issue of attorneys' fees would be settled or litigated after the consent decree.  But they do not show an intent to extend the deadline for filing a fee motion.

The Court therefore finds that the deadline for filing the motion was governed by Local Rule 293(a) and that the parties had not agreed to extend the deadline.  Because Plaintiff has not offered any basis for the Court to excuse the delay, the Court concludes that the motion is untimely and denies the request for fees and costs.

### III.   ORDER

For the reasons set forth above, the Court DENIES Plaintiff's motion for attorneys' fees and costs.

IT IS SO ORDERED.

Dated: November 23, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4